IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CAUSE NO. 4:08-cv-00021 |
| ACADEMY DEVELOPMENT, INC., CHELSEA HARBOUR, LTD., LEGEND CLASSIC HOMES, LTD., AND LEGEND HOME CORPORATION | § § § § § § § | |
| *Defendants* | § | |

## DEFENDANTS' ORIGINAL COUNTERCLAIM AGAINST PLAINTIFF MID-CONTINENT CASUALTY COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the Defendants, Academy Development, Inc., Chelsea Harbour, Ltd., Legend Classic Homes, Ltd., and Legend Home Corporation (collectively, "Defendants"), and file this Original Counterclaim against Plaintiff Mid-Continent Casualty Company ("Mid-Continent") and would respectfully show this Honorable Court the following:

## I.
## THE PARTIES

1.   Academy Development, Inc. is a Texas Corporation, with its principal place of business in Houston, Texas.

2.   Chelsea Harbour, Ltd. is a Texas Limited Partnership, with its principal place of business in Houston, Texas.

3.   Legend Classic Homes, Ltd. is a Texas Limited Partnership, with its principal place of business in Houston, Texas.

4. Legend Home Corporation is a Texas Corporation, with its principal place of business in Houston, Texas.

5. Mid-Continent Casualty Company is an Oklahoma Corporation, with its principal place of business in Tulsa, Oklahoma.

## II.
## JURISDICTION AND VENUE

6. This Court's jurisdiction is based on 28 U.S.C. §§ 1332 and 1367.

## III.
## FACTUAL BACKGROUND

7. Legend Classic Homes, Ltd. is a named insured under five Commercial General Liability insurance policies issued by Mid-Continent and effective from August 1, 2000 through August 1, 2005. Academy Development, Inc., Chelsea Harbour, Ltd., and Legend Home Corporation are listed as additional named insureds to these policies via endorsement. The policies are detailed as follows:

| Policy Effective Dates | Policy Number |
| --- | --- |
| August 1, 2000 through August 1, 2001 | 04-GL-000037547 |
| August 1, 2001 through August 1, 2002 | 04-GL-000060196 |
| August 1, 2002 through August 1, 2003 | 04-GL-000088658 |
| August 1, 2003 through August 1, 2004 | 04-GL-000123869 |
| August 1, 2004 through August 1, 2005 | 04-GL-000557144 |

8. The Defendants were named in a lawsuit filed in the 268th Judicial District Court of Fort Bend County, Texas, titled *Linda Budiman, et. al. v. Academy Development, Inc., Chelsea Harbour, Ltd., Legend Classic Homes, Ltd., and Legend Home Corporation*, Cause No. 05-CV-142846 (the "Budiman Lawsuit").

9. In the Budiman Lawsuit, the plaintiffs seek damages from the Defendants for property and economic damages allegedly sustained by them as a result of the Defendants' alleged negligence with regard to the construction, repair and maintenance of a lake adjacent to their homes. The plaintiffs additionally raise claims of negligent misrepresentation and fraud. The Defendants dispute the claims made against them in the Budiman Lawsuit.

10. Mid-Continent submitted an initial coverage opinion to the Defendants regarding the Budiman Lawsuit, opining that its duty to defend had been triggered under the Commercial General Liability Policy coverage and reserving the right to deny coverage.

11. Mid-Continent agreed that separate defense counsel were necessary for Legend Classic Homes, Ltd. and Legend Home Corporation (the homebuilder entities) and Academy Development, Inc. and Chelsea Harbour, Ltd. (the developer entities).

12. Despite being tendered over $2,000,000.00 in defense costs, Mid-Continent has paid only $1812.50 towards defense costs.

13. On January 3, 2008, Mid-Continent instituted this proceeding against the Defendants in which it seeks a judgment declaring that none of the Policies afford the Defendants coverage for the claims made against it in the Budiman Lawsuit.

14. On April 2, 2008, Mid-Continent informed the Defendants by letter that their duty to defend ceased on July 24, 2007, when the Ninth Amended Petition was filed in the Budiman Lawsuit.

## V.
## CAUSES OF ACTION

15. Each of the foregoing paragraphs is incorporated by reference in the following causes of action.

**A.     Declaratory Relief**

16.     An actual controversy exists between the Defendants and Mid-Continent with respect to their rights and obligations under the Policies in connection with the Budiman Lawsuit. In particular, a dispute exists as to the amount of defense costs owed by Mid-Continent, the deductible amount to be applied, and whether a defense is owed to the Defendants after the filing of the Ninth Amended Petition in the Budiman Lawsuit.

17.     The Defendants seek a declaration of the deductible amount, that reasonable and necessary defense costs are owed by Mid-Continent, and that a defense for the entire Budiman Lawsuit is owed by Mid-Continent, even past the filing of the Ninth Amended Petition.

**B.     Breach of Contract**

18.     The Policy sets forth contractual obligations on the part of Mid-Continent to defend the Defendants in connection with liability exposures when allegations against the Defendants exist for property damage and no exclusions in the Policy bar coverage.

19.     Mid-Continent breached its insurance contract by failing to pay defense costs in connection with the Budiman Lawsuit. In particular, the Budiman Lawsuit fell within the coverage afforded by the Policy and no exclusions applied to negate coverage. In addition, all conditions in the policy either were satisfied or were waived by Mid-Continent.

**C.     Prompt Payment of Claims Statute**

20.     The failure of Mid-Continent to timely pay submitted defense costs in the Budiman Lawsuit and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code (f/k/a Article 21.55).

21. The Defendants, therefore, in addition to their claim for damages, are entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**D.    Attorneys' Fees**

29. The Defendants engaged the undersigned attorneys to prosecute this lawsuit against Mid-Continent and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

30. The Defendants pray that they be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code.

## VI.
## CONDITIONS PRECEDENT

31. All conditions precedent to the Defendants' right to recover under the Policy at issue have occurred, have been fully performed, or have been waived by Mid-Continent.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, upon final hearing of the case, this Court declare and adjudge the contractual obligations of Mid-Continent, and that the Defendants recover all damages from and against Mid-Continent that may reasonably be established by a preponderance of the evidence, and that the Defendants be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which the Defendants may show to be justly entitled.

Respectfully Submitted,

By:   <u>/s/ Lee H. Shidlofsky</u>
      Lee H. Shidlofsky
      Texas Bar No. 24002937
      Southern District No. 22026
      Melissa L. Kelly
      Texas Bar No. 24055766
      Southern District No. 685892
      **COUNSEL FOR DEFENDANTS**

**OF COUNSEL:**
VISSER SHIDLOFSKY LLP
7200 N. Mopac Expwy., Suite 430
Austin, Texas 78731
(512) 795-0600
(866) 232-8709 FAX
Email: lee@vsfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of September, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to each counsel of record. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Federal Rules of Civil Procedure.

                                          <u>/s/ Lee H. Shidlofsky</u>
                                          Lee H. Shidlofsky