IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | § § § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | CAUSE NO. 4:08-cv-00021 |
| ACADEMY DEVELOPMENT, INC., CHELSEA HARBOUR, LTD., LEGEND CLASSIC HOMES, LTD., AND LEGEND HOME CORPORATION | § § § § § § § | |
| *Defendants.* | § | |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Lee H. Shidlofsky
Texas Bar No. 24002937
Southern District No. 22026
VISSER SHIDLOFSKY LLP
7200 N. Mopac Expressway
Suite 430
Austin, Texas 78731
(512) 795-0600
(866) 232-8709 (fax)
Lee@vsfirm.com

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendants, Academy Development, Inc., Chelsea Harbour, Ltd., Legend Classic Homes, Ltd., and Legend Home Corporation (collectively, "Academy"), file this Supplemental Brief in Support of Motion for Partial Summary Judgment and would respectfully show the following:

## I.
## NATURE AND STAGE OF PROCEEDING

The cross-motions for summary judgment pending before the Court have been fully briefed by both parties. Two of the issues pending before the Court concern whether: (i) Mid-Continent has the right to allocate its duty to defend among its consecutively issued policies; and (ii) whether, in doing so, Mid-Continent can consider extrinsic evidence. Academy contends that the duty to defend is a complete duty and that *any* triggered policy owes a complete defense. Moreover, Academy disputes Mid-Continent's reliance on extrinsic evidence to support its allocation among consecutively issued policies. The Fifth Circuit recently has addressed these issues and the purpose of this brief is to provide the Court with an update on the case law. It is not the intent of this brief to rehash all of the arguments that previously were submitted to the Court and, to that extent, Academy merely incorporates its prior briefing.

## II.
## NEW CASE LAW

On January 4, 2010, the Fifth Circuit issued its opinion in *Trinity Universal Insurance Company v. Employers Mutual Casualty Company,* 2010 WL 6903 (5th Cir. Jan. 4. 2010). In the opinion, the Fifth Circuit made several holdings that are relevant to the issues in this case.

First, the Fifth Circuit held that Texas follows the "eight corners rule" and specifically noted that a court cannot "look outside the pleadings . . . ." *Id.* at *3. The Fifth Circuit's holding in this regard is consistent with another recent holding by the Fifth Circuit. *See Mary Kay*

*Holding Corp. v. Federal Ins. Co.*, 309 F. App'x 843, 848 (5th Cir. 2009) ("While appreciating the arguments for a limited 'coverage' exception to the 'eight-corners rule,' we recognize that Texas has yet to adopt such an exception."); *see also AccuFleet, Inc. v. Hartford Fire Ins. Co.*, 2009 WL 2961351, at *6 (Tex. App.—Houston [1st Dist.] Sept. 17, 2009, no pet. h.) ("We decline to create an exception to the eight corners rule under the facts of this case and consider extrinsic evidence to determine the existence of a duty to defend. The Texas Supreme Court has not recognized such an exception to the eight-corners rule. To the contrary, in cases in which the Texas Supreme Court has been asked to acknowledge exceptions to the rule, it has declined to do so."). Moreover, the Supreme Court of Texas just recently held that the "analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine." *D.R. Horton —Texas, Ltd. v. Markel Int'l Ins. Co., Ltd.,* 2009 WL 4728008, at *3 (Tex. Dec. 11, 2009). And, just yesterday, Senior Judge David Hittner issued an opinion in which he expressly rejected that any exception to the "eight corners rule" exists under Texas law. *See Laura Pendergest-Holt, et al. v. Certain Underwriters at Lloyd's of London, et al.,* Civil Action No. H-09-3712, (S.D. Tex. Jan 26, 2010) (Slip Op.). Simply put, the case law overwhelmingly favors Academy's position that Mid-Continent cannot rely on extrinsic evidence to allocate its defense obligation among its consecutively issued policies.

Second, the Fifth Circuit reiterated that a court must liberally construe pleadings and resolve all doubts regarding the duty to defend in favor of the insured. *See Trinity Universal*, 2010 WL 6909, at *3. Once again, this holding is consistent with another recent Fifth Circuit opinion in which the court specifically reminded: "When in doubt, defend." *Essex Ins. Co. v. Hines,* 2010 WL 10941 (5th Cir. Jan. 4, 2010) (unpublished) (quoting *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.,* 538 F.3d 365, 369 (5th Cir. 2009)).

Third, the Fifth Circuit recognized that the duty to defend is a complete duty and that an insurer may not pro rate its contractual obligations vis-à-vis its insured. *See Trinity Universal*, 2010 WL 6909, at *6-*7. "Indeed, this conclusion is supported by the uniform holdings of Texas courts that if even a single claim in a lawsuit potentially falls within an insurance policy's coverage, the insurer has a duty to provide a *complete* defense." *Id.* (citing *Tex. Prop. & Cas. Ins. Guar. Ass'n/Sw. Aggregates, Inc. v. Sw. Aggregates, Inc.*, 982 S.W.2d 600, 606 (Tex. App.—Austin 1998, no pet.); *Indian Harbor Ins. Co. v. Valley Forge Ins. Group,* 535 F.3d 359, 363 (5th Cir. 2008)). The citation to *Sw. Aggregates*, a case relied on by Academy, is significant because the Austin Court of Appeals specifically held that the insurance contract obligated the insurer to defend its insured, not to provide a pro rata defense. *Id.* at *7. The Fifth Circuit also concluded that the "other insurance" clause applies *only* to the duty to indemnify, not the duty to defend. *Id.* at *6.

According to this recent case law, and the case law previously cited to the Court, Mid-Continent cannot use extrinsic evidence in order to pro-rate its defense obligation among its consecutively issued policies. Not only do Mid-Continent's actions violate the well-established "eight-corners rule," they also violate the principle that any insurer that owes a defense under a policy owes a *complete* defense.

**WHEREFORE, PREMISES CONSIDERED,** Academy prays that, upon final hearing of this case, this Court declare and adjudge the contractual obligations of Mid-Continent, and that Academy recover all damages from and against Mid-Continent that may reasonably be established by the preponderance of the evidence, and that Academy be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Academy may show

itself to be justly entitled. Academy further prays that Mid-Continent's Cross-Motion for Summary Judgment be denied.

                                        Respectfully submitted,

By:   /s/ Lee H. Shidlofsky
        Texas Bar No. 24002937
        Southern District No. 22026

VISSER SHIDLOFSKY LLP
7200 N. Mopac Expressway, Suite 430
Austin, Texas 78731
(512) 795-0600
(866) 232-8709 FAX
Lee@vsfirm.com

**COUNSEL FOR DEFENDANTS**

### CERTIFICATE OF CONFERENCE

On January 25, 2010, the undersigned conferred with counsel for Mid-Continent, who informed the undersigned by e-mail that Mid-Continent was not opposed to the filing of this Supplemental Brief.

                                        /s/ Lee H. Shidlofsky
                                        Lee H. Shidlofsky

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to each counsel of record. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Lee H. Shidlofsky
Lee H. Shidlofsky